**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| CHERO-KEY PIPING COMPANY, | } | |
| | } | |
| *Plaintiff*, | } | |
| v. | } | Civil Action No. H-08-2696 |
| | } | |
| GREAT-WEST LIFE & ANNUITY | } | |
| INSURANCE COMPANY, *et al*, | } | |
| | } | |
| *Defendants*. | } | |

**<u>OPINION AND ORDER</u>**

Presently before the Court are Defendant Wells Fargo Bank's Motion to Dismiss Under Rule 12(b)(6) or Alternatively Motion for Summary Judgment (Doc. 6) and Defendant Bowen, Miclette & Britt, Inc.'s Motion to Dismiss Under Rule 12(b)(6) or Alternatively Motion for Summary Judgment (Doc. 7). Upon review and consideration of these motions, the responses and replies thereto, the relevant legal authority, and the entire record in this cause, the Court finds that these motions should be granted-in-part and denied-in-part.

I.          <u>Background and Relevant Facts</u>

On July 3, 2008, Plaintiff Chero-Key Piping Company (Chero-Key) filed suit against Defendants Great-West Life & Annuity Insurance Company (Great-West), Bowen, Miclette & Britt, Inc. (Bowen), Jane Doe No. 1 (Jane Doe), and Wells Fargo Bank, N.A. (Wells Fargo) (collectively, Defendants) in the 11th Judicial District Court of Harris County, Texas (Cause No. 2008-40794) for negligence, breach of fiduciary duty, and violations of the Texas Deceptive Trade Practices Act (DTPA). (Doc. 1 Ex. A). On September 4, 2008, Defendant Wells Fargo removed this action joined by and with the consent of Defendants Great-West and Bowen. Defendants contend that removal is proper because Plaintiff Chero-Key's state law

claims are completely preempted by the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001 *et seq.*

Defendant Great-West allegedly served as the service provider of a 401(k) plan (the Plan) it set up for Plaintiff Chero-Key.  (Doc. 1 Ex. A at 3).  Plaintiff contends that Defendant Great-West breached its duties by failing to timely notify the fiduciary of the product plan to advise of noncompliance with regulations.  (*Id.*).  Plaintiff further alleges that Defendants Bowen, Jane Doe, and Wells Fargo, as brokers and agents of Chero-Key, also breached their duties by failing to timely notify the fiduciary of the product plan to advise of noncompliance with regulations.  (*Id.*).  These allegations form the basis of Plaintiff's negligence, breach of fiduciary duty, and DTPA claims.

Several provisions in the Chero-Key Piping Company, Inc. 401(k) Plan Summary Plan Description (the SPD) are relevant to the issues presented in this case.  First, the Introduction, states, in pertinent part, "[y]our Employer has established a retirement plan to help supplement your retirement income.  Under the program, the Employer makes contributions to a Trust Fund which will pay you a benefit at retirement."  (Doc. 6 Ex. A at § I).

The Plan then describes the eligibility requirements as follows:

> The service requirement for Elective Deferrals and Employer Contributions is .25 Year(s) of Service.  You must also attain age 21 to be eligible to participate in the Plan.

> The Plan will not cover Employees covered by a collective bargaining agreement as well as Employees who are non-resident aliens who receive no U.S. earned income from the Employer.

> Your participation in the Plan will begin on the Entry Date defined at Section III.  If you are employed on the Plan's effective date, you do not have to satisfy the Service requirement specified above.

(*Id.* at § IV).

Moreover, the SPD sets forth the procedures for employee and employer contributions.  With respect to employee contributions, the SPD provides as follows:

> You, as an eligible Employee, may authorize the Employer to withhold from 1% up to 15% of your Compensation plus up to 15% of any Employer paid cash bonus, not to exceed $7,000 as adjusted for inflation, and to deposit such amount in the Plan fund.

(*Id.* at § V(A)).  As for employer contributions, the SPD states, in relevant part, as follows:

> The employer will contribute all Compensation which you elect to defer to the Plan within the limits outlined in Section V(A) . . .
>
> [t]he employer will contribute an amount equal to 25% of your Elective Deferrals.  The Employer shall not match your Elective Deferrals that are in excess of 3% of your Compensation . . .
>
> [t]he Employer may also contribute an additional amount determined in its sole judgment.  This additional contribution, if any, will be allocated to only Non-highly Compensated Participants[.]

(*Id.* at § VI(A)).  Because the employer's contributions go into a trust fund, the SPD includes information about investments.  Specifically, the SPD states that,

> [t]he monies contributed to the Plan may be invested in any security or form of property considered prudent for a retirement plan.  Such investments include, but are not limited to, common and preferred stocks, exchange traded put and call options, bonds, money market instruments, mutual funds, savings accounts, certificates of deposit, Treasury bills, or insurance contracts.  An institutional Trustee may invest in its own deposits or those of affiliates which bear a reasonable interest rate, or in a group or collective trust maintained by such Trustee.

(*Id.* at § XII(A)).

Lastly, the SPD describes the procedures for receiving retirement benefits and distributions.  Specifically, the SPD states as follows:

> The full value of your account balance is payable at your Normal Retirement Age, even if you continue to work, or you may defer payment until April 1 following the year you reach age 70-½ . . .

> Upon attainment of age 59-½, benefits attributable to Employer
> contributions, allocated to your account(s) in excess of two years,
> are available for withdrawal if you are 100% vested in those
> benefits.

(*Id.* at § XI(A), (B)).  This section also describes the procedures for hardship withdrawals and what happens in the event of a Plan participant's death.

Defendants Wells Fargo and Bowen have separately filed motions to dismiss or, alternatively, motions for summary judgment.  (Docs. 6 & 7).  Both Defendants argue that the Plan in question is an "employee benefit plan" as that term is defined under ERISA and that ERISA preempts all of Plaintiff's state law claims.  Defendants, therefore, ask that the Court either dismiss Plaintiff's claims or, alternatively, instruct Plaintiff to re-plead with specificity its claims under ERISA.  In opposition, Plaintiff argues that its claims are not subject to complete preemption because ERISA's savings clause exempts causes of action brought under state laws regulating insurance, in this case, the DTPA.  (Doc. 16).  Defendants Wells Fargo and Bowen, however, maintain that ERISA's savings clause does not apply to Plaintiff's DTPA claim. (Docs. 22 & 26).

II.        Legal Standard on Summary Judgment

A party moving for summary judgment must inform the court of the basis for the motion and identify those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, that show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986); *Hart v. Hairston*, 343 F.3d 762, 764 (5th Cir. 2003).  The substantive law governing the suit identifies the essential elements of the claims at issue and, therefore, indicates which facts are material.  *Anderson v. Liberty*

*Lobby, Inc.*, 477 U.S. 242, 248 (1986).  The initial burden falls on the movant to identify areas essential to the nonmovant's claim in which there is an "absence of a genuine issue of material fact." *Lincoln Gen. Ins. Co. v. Reyna*, 401 F.3d 347, 349 (5th Cir. 2005).  If the moving party fails to meet its initial burden, the motion must be denied, regardless of the adequacy of any response.  *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc).

Once the movant meets its burden, however, the nonmovant must direct the court's attention to evidence in the record sufficient to establish that there is a genuine issue of material fact for trial.  *Celotex*, 477 U.S. at 323-24.  The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Electric Indust. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (citing *U.S. v. Diebold, Inc.*, 369 U.S. 654, 655 (1962)).  Instead, the non-moving party must produce evidence upon which a jury could reasonably base a verdict in its favor.  *Anderson*, 477 U.S. at 248; *see also DIRECTV Inc. v. Robson*, 420 F.3d 532, 536 (5th Cir. 2005).   To do so, the nonmovant must "go beyond the pleadings and by [its] own affidavits or by depositions, answers to interrogatories and admissions on file, designate specific facts that show there is a genuine issue for trial." *Webb v. Cardiothoracic Surgery Assoc. of North Texas, P.A.*, 139 F.3d 532, 536 (5th Cir. 1998).  Unsubstantiated and subjective beliefs and conclusory allegations and opinions of fact are not competent summary judgment evidence.  *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998); *Grimes v. Texas Dept. of Mental Health and Mental Retardation*, 102 F.3d 137, 139-40 (5th Cir. 1996); *Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir. 1994), *cert. denied*, 513 U.S. 871 (1994); *Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir. 1992), *cert. denied*, 506 U.S. 825 (1992).  Nor are pleadings summary judgment evidence.  *Wallace v. Tex. Tech Univ.*, 80 F.3d 1042, 1046 (5th Cir. 1996) (citing *Little*, 37 F.3d at 1075).  The non-movant

cannot discharge his burden by offering vague allegations and legal conclusions. *Salas v. Carpenter*, 980 F.2d 299, 305 (5th Cir. 1992); *Lujan v. National Wildlife Fed'n*, 497 U.S. 871, 889 (1990). Nor is the court required by Rule 56 to sift through the record in search of evidence to support a party's opposition to summary judgment. *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998) (citing *Skotak v. Tenneco Resins*, Inc., 953 F.2d 909, 915-16 & n.7 (5th Cir. 1992)).

Nevertheless, all reasonable inferences must be drawn in favor of the non-moving party. *Matsushita*, 475 U.S. at 587-88; *see also Reaves Brokerage Co. v. Sunbelt Fruit & Vegetable Co.*, 336 F.3d 410, 412 (5th Cir. 2003). Furthermore, the party opposing a motion for summary judgment does not need to present additional evidence, but may identify genuine issues of fact extant in the summary judgment evidence produced by the moving party. *Isquith v. Middle South Utilities, Inc.*, 847 F.2d 186, 198-200 (5th Cir. 1988). The non-moving party may also identify evidentiary documents already in the record that establish specific facts showing the existence of a genuine issue. *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 178 (5th Cir. 1990). In reviewing evidence favorable to the party opposing a motion for summary judgment, a court should be more lenient in allowing evidence that is admissible, though it may not be in admissible form. *See Lodge Hall Music, Inc. v. Waco Wrangler Club, Inc.,* 831 F.2d 77, 80 (5th Cir. 1988).

III.        Discussion

The Court must address whether the Plan at the center of this dispute is an "employee benefit plan" as that term is defined under ERISA, and, if so, whether ERISA completely preempts Plaintiff's state law claims for negligence, breach of fiduciary duty, and violations of the DTPA.

A.     The Plan at Issue is an "Employee Benefit Plan" under ERISA

ERISA defines an "employee benefit plan" as an employee welfare benefit plan or an employee pension benefit plan or a plan which is both an employee welfare benefit plan and an employee pension benefit plan.  29 U.S.C. § 1002(2)(B)(3).  An "employee pension benefit plan" is "any plan . . . established or maintained by an employer . . . that provides retirement income to employees, or . . . results in a deferral of income by employees for periods extending to the termination of covered employment or beyond[.]"  29 U.S.C. § 1002(2)(A).

To determine whether a plan falls under ERISA, the court must first determine whether the plan falls under one of ERISA's safe harbor provisions.[1]  *McDonald v. Provident Indem. Life Ins. Co.*, 60 F.3d 234, 236 (5th Cir. 1995).  If not, the court must inquire whether "from the surrounding circumstances a reasonable person [could] ascertain the intended benefits, a class of beneficiaries, the source of financing, and procedures for receiving benefits."  *Id.* at 236 (citing *Mem'l Hosp. Sys. v. Northbrook Life Ins. Co.*, 904 F.2d 236, 240-41 (5th Cir. 1990) (quoting *Donovan v. Dillingham*, 688 F.2d 1367, 1373 (11th Cir. 1982) (en banc))).  Moreover,

---

[1] A plan is not covered by ERISA if all of the following four conditions are satisfied:

(1) No contributions are made by an employer or employee organization;

(2) Participation the program is completely voluntary for employees or members;

(3) The sole functions of the employer or employee organization with respect to the program are, without endorsing the program, to permit the insurer to publicize the program to employees or members, to collect premiums through payroll deductions or dues checkoffs and to remit them to the insurer; and

(4) The employer or employee organization receives no consideration in the form of cash or otherwise in connection with the program, other than reasonable compensation, excluding any profit, for administrative services actually rendered in connection with payroll deductions or dues checkoffs.

29 C.F.R. § 2510.3-1(j).

the employer must have established or maintained the plan for the purpose of providing benefits to its employees. *Id.*

For the reasons set forth below, the Court agrees with Defendants' assertions that the Plan is an ERISA plan. The SPD states, in pertinent part, "[y]our Employer has established a retirement plan to help supplement your retirement income. Under the program, the Employer makes contributions to a Trust Fund which will pay you a benefit at retirement." (Doc. 6 Ex. A at § I). This statement demonstrates that the Plan does not fall under the safe harbor provision because the employer, Plaintiff Chero-Key, contributes to it. Moreover, it illustrates that the employer established the Plan for the purpose of providing benefits to its employees.

Upon review of the SPD, a reasonable person could ascertain the intended benefits, class of beneficiaries, source of financing, and procedures for receiving benefits. It is clear from the Plan's language that Plaintiff Chero-Key intends to provide retirement benefits to its employees who have fulfilled the eligibility requirements set forth in section IV of the SPD. Additionally, sections V and VI of the SPD describe the source of financing with respect to employee and employer contributions, respectively. Section XII advises the Plan participants that the monies contributed "may be invested in any security or form of property considered prudent for a retirement plan." (*Id.* at § XII). The procedures for receiving distributions during employment, for hardship withdrawals, at retirement, and at death are set forth in section XI. As such, the Court finds that the Plan is an ERISA plan.

B.    Plaintiff's State Law Claims are Preempted by ERISA

There are two types of ERISA preemption. *E.I. DuPont de Nemours & Co. v. Sawyer*, 517 F.3d 785, 797 (5th Cir. 2008). First, ERISA's express preemption clause states that, with certain exceptions, ERISA "shall supersede any and all State laws insofar as they may now

or hereafter relate to an employee benefit plan . . . " *Id.* at 797 (quoting 29 U.S.C. § 1144(a)). Second, ERISA's civil enforcement provision, codified at 29 U.S.C. § 1132(a), "set[s] forth a comprehensive civil enforcement scheme that would be completely undermined if ERISA-plan participants and beneficiaries were free to obtain remedies under state law that Congress rejected in ERISA." *Id.* (quoting *Aetna Health, Inc. v. Davila*, 542 U.S. 200, 208-09 (2004); *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 54 (1987)) (internal quotations omitted). Therefore, any state law claim that "duplicates, supplements, or supplants the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive and is therefore pre-empted." *Id.* (citing *Aetna*, 542 U.S. at 209; *Pilot Life*, 481 U.S. at 54-56; *Ingersoll-Rand Co. v. McClendon*, 498 U.S. 133, 143-45 (1990)).

A state law "relates to" a benefit plan if it has a connection with or reference to such a plan. *Hogan v. Kraft Foods*, 969 F.2d 142, 144 (5th Cir. 1992) (citations omitted). Plaintiff Chero-Key's claims for negligence, breach of fiduciary duty, and violations of the DTPA are all based on Defendants' failure to timely notify the fiduciary of the product plan to advise of noncompliance with regulations. These state law claims are analogous to those raised and found to have been preempted by ERISA in previous decisions. *Id.* at 144-45 (citing *Ramirez v. Inter-Continental Hotels*, 890 F.2d 760 (5th Cir. 1989) (ERISA preempts statutes such as TEX. INS. CODE art. 21.21 which provide an action for improper handling of insurance claims); *Boren v. N.L. Industries, Inc.*, 889 F.2d 1463 (5th Cir. 1989) (ERISA preempts Texas DTPA); *Hermann Hospital v. MEBA Medical & Ben. Plan*, 845 F.2d 1286 (5th Cir. 1988) (ERISA preempts common law claims for breach of fiduciary duty, negligence, equitable estoppel, breach of contract and fraud)). Moreover, none of Plaintiff's claims fall under ERISA's savings clause, which exempts from preemption "any law of any state which regulates insurance,

banking, or securities." *Id.* at 145-46 (quoting 29 U.S.C. § 1144(b)(2)(A); citing *Pilot Life,* 481 U.S. at 50 (state law breach of contract and duty of good faith and fair dealing not saved); *Ramirez,* 890 F.2d at 763-64 (TEX. INS. CODE art. 21.21 not saved); *McManus v. Travelers Health Network,* 742 F. Supp. 377 (W.D. Tex. 1990) (Texas DTPA not saved); *Cathey v. Metropolitan Life Ins. Co.,* 805 S.W.2d 387 (Tex. 1991) (Texas DTPA not saved)).  Accordingly, the Court finds that all of Plaintiff Chero-Key's state law claims against Defendants are preempted under ERISA.

Plaintiff Chero-Key makes two additional arguments, neither of which the Court finds persuasive.  First, it contends that the Plan is not an "employee benefit plan" under ERISA because "the essence of the problem is that a proper or compliant plan was not set up or certified."  (Doc. 16 at ¶ 16).  Plaintiff has failed to substantiate this argument with any factual or legal support.  The Court finds that the Plan is an ERISA plan.  Second, Plaintiff Chero-Key attempts to argue that claims against "outsiders" are not preempted because such individuals and entities are not plan fiduciaries under ERISA.  As the Fifth Circuit has stated, "[t]he critical determination [is] whether the claim itself created a relationship between the plaintiff and defendant that is so intertwined with an ERISA plan that it cannot be separated."  *Bank of Louisiana v. Aetna U.S. Healthcare, Inc.*, 468 F.3d 237, 243 (5th Cir. 2006) (quoting *Hobson v. Robinson*, 75 Fed. Appx. 949, 954 (5th Cir. 2003)).  In asserting causes of action for negligence, breach of fiduciary duty, and DTPA violations, Plaintiff claims that Defendants breached their duties by failing to timely notify the fiduciary of the product plan to advise of noncompliance with regulations.  Because these three causes of action have created a relationship between the parties that is so intertwined with the Plan at issue, the claims against the "outsiders" cannot be separated and are, therefore, preempted.

IV.          Conclusion

Accordingly, it is hereby

ORDERED that Defendant Wells Fargo Bank's Motion to Dismiss Under Rule 12(b)(6) or Alternatively Motion for Summary Judgment (Doc. 6) and Defendant Bowen, Miclette & Britt, Inc.'s Motion to Dismiss Under Rule 12(b)(6) or Alternatively Motion for Summary Judgment (Doc. 7) are GRANTED-IN-PART and DENIED-IN-PART.  It is further

ORDERED that Plaintiff's state law causes of action for negligence, breach of fiduciary duty, and violations of the DTPA are hereby DISMISSED but that Plaintiff shall have THIRTY (30) DAYS from the date this Opinion and Order is issued in which to serve an amended complaint re-pleading its causes of action under ERISA.

SIGNED at Houston, Texas, this 12th day of August, 2009.

MELINDA HARMON
UNITED STATES DISTRICT JUDGE