```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF TEXAS
                       HOUSTON DIVISION


CHERO-KEY PIPING COMPANY,        §
                                 §
              Plaintiff,         §
                                 §
VS.                              §   CIVIL ACTION H-08-2696
                                 §
GREAT-WEST LIFE & ANNUITY        §
INSURANCE COMPANY, BOWEN,        §
MICLETTE & BRITT, INC., AND      §
WELLS FARGO BANK, N.A.,          §
                                 §
                                 §
              Defendants.        §
```

## OPINION AND ORDER OF DISMISSAL

Pending before the Court in the above referenced cause, purportedly grounded in the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001, *et seq.*, are the following motions: (1) Defendant Great-West Life & Annuity Insurance Company's ("Great-West's") motion to dismiss for failure to state a claim upon which relief may be granted and motion for attorney's fees (instrument #35); (2) Defendant Wells Fargo Bank's ("Wells Fargo's") motion to dismiss under Rule 12(b)(6) for failure to state a claim (#36); and (3) Defendant Bowen, Miclette & Britt, Inc.'s ("Bowen, Miclette's") motion to dismiss under Rule 12(b)(6) or alternatively motion for summary judgment (#38). Plaintiff Chero-Key Piping Company has failed to respond to all of them.

For the reasons stated below, the Court concludes that all

three motions for summary judgment should be granted, and Great West's motion for attorney's fees for preparation of its motion, under Fed. R. Civ. P. 11(b) and (c) and ERISA, 29 U.S.C. 1132(g)(1), should be denied.

### Procedural Background

This action was originally filed in the 11th Judicial District Court of Harris County, Texas, alleging negligence, breach of fiduciary duty, and violations of the Texas Deceptive Trade Practices Act ("DTPA") against each Defendant with respect to the service it provided to Chero-Key Piping Company's 401(k) plan. It was removed by Defendant Wells Fargo, joined by and with the consent of Great-West and Bowen, Miclette, on the grounds that Plaintiff Chero-Key's claims related to a 401(k) employee benefit plan as defined by ERISA, 29 U.S.C. § 1002(2)(A), and that the state-law causes of action were completely preempted by ERISA.

In an opinion and order entered on August 12, 2009 (#30), which the Court incorporates herein, on review of Defendants' first motions to dismiss or for summary judgment, this Court concluded that the three state-law claims were completely preempted under ERISA. The Court therefore dismissed the claims for negligence, breach of fiduciary duty, and violations of the DTPA and ordered Plaintiff to serve within thirty days an amended complaint asserting its causes of action under ERISA.

On September 22, 2009 Plaintiff, through its counsel, untimely

filed a document entitled "Plaintiff's Original Complaint" (#34).

## Standard of Review

When a district court reviews a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), it must construe the complaint in favor of the plaintiff and take all well-pleaded facts as true. *Kane Enterprises v. MacGregor (US), Inc.*, 322 F.3d 371, 374 (5th Cir. 2003), *citing Campbell v. Wells Fargo Bank*, 781 F.2d 440, 442 (5th Cir. 1986).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . ." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007)(citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 1965, *citing* 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1216, pp. 235-236 (3d ed. 2004)("[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action"). "*Twombly* jettisoned the minimum notice pleading requirement of *Conley v. Gibson*, 355 U.S. 41 . . . (1957)["a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove

no set of facts in support of his claim which would entitle him to relief"], and instead required that a complaint allege enough facts to state a claim that is plausible on its face." *St. Germain v. Howard*, 556 F.3d 261, 263 n.2 (5th Cir. 2009), *citing In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007)("To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'"), *citing Twombly*, 127 S. Ct. at 1974). *See also Alpert v. Riley*, No. H-04-CV-3774, 2008 WL 304742, *14 (S.D. Tex. Jan. 31, 2008).

Recently, in *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1940 (2009)(5-4), the Supreme Court, applying the *Twombly* plausibility standard to a *Bivens* claim of unconstitutional discrimination and a defense of qualified immunity for government official, observed that two principles inform the *Twombly* opinion: (1) "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." . . . Rule 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions."; and (2) "only a complaint that states a plausible claim for relief survives a motion to dismiss," a determination involving "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."

Furthermore, the plaintiff must plead specific facts, not merely conclusory allegations, to avoid dismissal. *Collins v.*

*Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000) "Dismissal is proper if the complaint lacks an allegation regarding a required element necessary to obtain relief . . . ." *Rios v. City of Del Rio, Texas*, 444 F.3d 417, 421 (5th Cir. 2006), *cert. denied*, 549 U.S. 825 (2006).

In addition to the complaint, the court may review documents attached to the complaint and documents attached to the motion to dismiss to which the complaint refers and which are central to the plaintiff's claim(s). *Collins*, 224 F.3d at 498-99. If an exhibit attached to the complaint contradicts an allegation in the complaint the exhibit controls. *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 377 (5th Cir. 2004).

With respect to Great-West's request for attorney's fees, 29 U.S.C. § 1132(g)(1) states, "In any action under this subchapter . . . by a participant, beneficiary, or fiduciary," the court "in its discretion may allow a reasonable attorney's fees and costs of the action to either party." The fee analysis is a two-step process.

First, the Court must decide whether a party is entitled to attorney's fees. *Todd v. AIG Life Ins. Co.*, 47 F.3d 1448, 1459 (5th Cir. 1995). The Fifth Circuit suggests that the district court consider five factors ("*Bowen* factors") in determining whether to award reasonable attorney's fees: (1) the degree of the opposing parties' culpability or bad faith; (2) the ability of the opposing parties to satisfy an award of attorney's fees; (3) whether an

award of attorney's fees against the opposing parties would deter other persons acting under similar circumstances; (4) whether the parties requesting attorney's fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA itself; and (5) the relative merits of the parties' positions. *Iron Workers Local #272 v. Bowen*, 624 F.2d 1255, 1266 (5th Cir. 1980); *Wegner v. Standard Ins. Co.*, 129 F.3d 814, 820-21 (5th Cir. 1997); *Gibbs v. Gibbs*, 210 F.3d 491, 503-04 (5th Cir. 2000); *Miles-Hickman v. David Powers Homes, Inc.*, 589 F. Supp. 2d 849, 882-83 (S.D. Tex. 2008). "[W]hen considering a request for attorney's fees under § 502(g) of ERISA. the court should consider and explicate the five *Bowen* factors, and should do so without giving predominance or preclusive effect to any one of them; and the court should also consider relevant non-*Bowen* factors, if there are any." *Riley v. Adm'r of Supersaver 401k Capital Accumulation Plan for Employees of Participating AMR Corp. Subsidiaries*, 209 F.3d 780, 782-83 (5th Cir. 2000). The burden of proof is on the fee petitioner. *Lee v. Benefit Plans Adm'r of Armco, Inc.*, 922 F.2d 324, No. 92-2495, 1993 WL 152090, *2 (5th Cir. Apr. 27, 1993).

If the Court determines that an award of fees is appropriate, in the second step it must use the lodestar method (multiplying the number of hours expended by a reasonable hourly rate) to calculate the amount to be awarded. *Todd*, 47 F.3d at 1459; *Wegner*, 129 F.3d

at 822. Although the lodestar is a presumptively reasonable rate, the court may adjust the lodestar upward or downwards depending on the circumstances of the cases after considering the twelve factors set forth in *Johnson v. Georgia Highway Express*, 488 F.2d 714, 717-19 (5th Cir. 1974). *Miles-Hickman*, 2009 WL 995632, at *2-7; *Wegner*, 129 F.3d at 821-23.

A court may impose appropriate sanctions, including attorney's fees, on an attorney who files a pleading in violation of Federal Rule of Civil Procedure 11(b). *Mercury Air Group, Inc.* v. Mansour, 237 F.3d 542, 548 (5th Cir. 2001)("the imposition of sanctions is often a fact-intensive inquiry, for which the trial court is given wide discretion"). Rule 11(b) states,

> By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

>   (4) the denials of factual contentions are warranted on the evidence or if specifically so identified, are reasonably based on belief or a lack of information.

### Defendants' Motions to Dismiss

In essence each Defendant moves for dismissal on the grounds that the new complaint substantively reasserts nearly identical state-law claims previously dismissed by the Court on complete preemption grounds, using much of the same state-law language, and without factual or legal allegations sufficient to state a claim for relief under section 502(a) of ERISA, 29 U.S.C. § 1132(a), although the pleading summarily references that statute throughout. While the amended complaint asserts that it has "converted" the three state-law claims to claims under Section 502(a) of ERISA and while it renames them "ERISA Section 502(a)," "Breach of Fiduciary Duty," and "Further claims under ERISA Section 502(a) Generally," the labels are conclusory and illusory.

The factual allegations for the first cause of action are scant, nonspecific, and limited to two paragraphs.  In paragraph 11 the amended complaint reiterates the "converted" negligence claim against Great-West as follows,

>   Great-West owed duties to Chero-Key, including as administrator[1] and service provider of the 401(k) plan it

---

[1] Great-West notes that according to the Summary Plan Description of the retirement plan, attached as Ex. A to the Motion to Dismiss the Original Petition, Great-West was not the administrator of the Plan as defined by ERISA--Chero-Key was. Because the exhibit contradicts allegations in the complaint, for

set up for plaintiff.  Great-West owed a standard of care
defined by what an administrator and service provider of
ordinary prudence would or should not have done under the
same or similar circumstances.  Alternatively, if the
Court deems another standard of care to be appropriate,
Great-West breached such duty owed, upon information and
belief.  And this breach of duties proximately caused
injury to Chero-Key.  Great-West failed to timely notify
the fiduciary of the product plan to advise of
noncompliance with regulations.

Against Wells Fargo and Bowen, Miclette, the complaint vaguely alleges its "converted" negligence claim in paragraph 12 as follows:

 As the broker and agent for Chero-Key, Bowen and Wells
Fargo (sometimes collectively referred to as Broker
Defendants) owed legal duties to Chero-Key.  The Broker
Defendants owed plaintiff a standard of care defined by
what an insurance or retirement broker of ordinary
prudence would or should not have done under the same or
similar circumstances.  The Broker Defendants breached
their duties.  Alternatively, Great West breached such
duty owed, upon information and belief.  And the breach
of duties by the Broker Defendants proximately caused
injury to Chero-key.  None of the Broker Defendants
timely notified the fiduciary of the product plan to
advise of noncompliance with regulations.

For Plaintiff's breach of fiduciary duty claim, the amended pleading virtually repeats allegations in the Original Petition and cites state-law cases to define the claim under Texas state law,[2]

---

purposes of the Rule 12(b)(6) motion, the Court will assume the complaint is correct. *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d at 377.

[2] Paragraphs 13-17 of the amended pleading recite,

13.  When one person is under a duty, created by law or
contract, to act for or give advice for the benefit of
another upon matters within the scope of the
relationship, the person has a fiduciary relationship

despite the Court's preemption ruling.  The revised complaint does not identify in what capacity Plaintiff brings its suit,[3] nor how

---

with the other person.  *Stephans v. Laird*, 846 S.W. 2d 895, 901 (Tex. App.--Houston [1st Dist.] 1993, writ denied); *see Lacy v. Ticor Title Ins. Co.*, 794 S.W. 2d 781, 788 (Tex. App.--Dallas 1990, *writ denied per curiam*, 803 S.W. 2d 26 (Tex. 1991).  ERISA recognizes fiduciary duties under its framework, and provides for fiduciary responsibilities.  Each of the defendants breached such duties to Chero-Key.
14.  Each of the defendants owed fiduciary duties to Chero-Key.  The general duties that fiduciaries owe include a duty of loyalty and utmost good faith, a duty of candor, a duty to refrain from self-dealing, which extends to dealings with a fiduciary's agents, employees, and other persons whose interests are closely identified with those of the fiduciary, a duty to act with integrity of the strictest kind, a duty of fair, honest dealing, and a duty of full disclosure--that is, a duty not to conceal matters that might influence a fiduciary's actions to the principal's benefit.
15.  Great-West was an agent and administrator for Chero-Key.  The Broker Defendants acted as agent and broker for Chero-Key.  Agents owe a fiduciary duty to their principals.  Even apart from the fiduciary duties created from or thorough the formal relationship, fiduciary duties arise under informal relations that exist whenever one person places a special confidence in another who, in equity and good conscience, is bound to act in good faith and with due regard to the interest of the one placing confidence.  ERISA provides for and recognizes duties owed by such entities to a plan and its beneficiaries and Plan fiduciary.
16.  Each of the Defendants breached fiduciary duties it owed to Chero-Key.  The defendants' breaches resulted in either (1) injury to Chero-Key, or (2) benefit to te Defendant--or both.
17.  Each of the Defendants owed a fiduciary duty to the fiduciary of the plan to report noncompliance or potential noncompliance immediately.  None of their Defendants advised the fiduciary of the plan, as required.

[3] As Great-West points out, only a fiduciary may assert the types of claims under ERISA that might apply here (subsections (2)

Chero-Key or any of the Defendants is a fiduciary as defined by ERISA., 29 U.S.C. § 1002(21)(A).[4]

Wells Fargo points out that regarding the only other factual allegation against it, i.e, that it refused to accept a broker account, paragraph 2 of the amended pleading states,

> A broker who worked for Bowen, Michlette & Britt, Inc. and Wells Fargo subsequently filed a change of broker letter to effectuate a change of broker to Wells Fargo. Then Wells Fargo refused the account based on the Plan being noncompliant . . . .

Wells Fargo questions how if, as Plaintiff admits, Wells Fargo

---

or (3) of 29 U.S.C. § 1132(a)), but Plaintiff fails to show that it is a fiduciary of the Plan so as to establish that it has standing under ERISA. (Only plan participants, plan beneficiaries, fiduciaries, and the Secretary of Labor have standing to bring suit under § 1132(a), and the only category Chero-Key might fall into is fiduciary.) An employer is not automatically a fiduciary of a plan, and not all actions of an employer are fiduciary actions. *Martinez v. Schlumberger, Ltd.*, 338 F.3d 407, 429-30 (5th Cir. 2003). Further, although Plaintiff/employer Chero-Key keeps repeating that it suffered injury or damages, liability under § 1132(a) is limited to making good "any losses to the plan." *LaRue v. DeWolff, Boberg & Associates, Inc.*, 552 U.S. 248, 252-54 (2008).

[4] Section 1002(21)(A) provides,

> (A) Except as otherwise provided in subparagraph (b), a person is a fiduciary with respect to a plan to the extent (i) he exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets, (ii) he renders investment advice for a fee or other compensation, direct or indirect, with respect to any moneys or other property of such plan or has any authority or responsibility to do so, or (iii) he has any discretionary authority or discretionary responsibility in the administration of such plan. Such term includes any person designated under section 1105(c)(1)(B) of this title.

refused the account, can it have any authority or control over the Plan, in other words function as a fiduciary to the plan under ERISA. The amended pleading also indicates that the Plan was noncompliant before the employee purportedly submitted a change of broker letter. Furthermore, the complaint (¶¶ 10-20) refers collectively to Wells Fargo and Bowen, Miclette and fails to identify how each individually breached any duties or what conduct each defendant engaged in that was "unconscionable." See #34. Wells Fargo also notes that in Plaintiff's response to Wells Fargo's first motion to dismiss, Plaintiff claimed that Wells Fargo was an outsider, not a fiduciary under the plan (#16). Thus Wells Fargo attacks the plausibility of the current conclusory allegations.

For the "converted" DTPA claim, aside from the fact that no such cause of action as a "general" ERISA claim exists, in paragraphs 19 and 20 of the amended complaint Plaintiff continues to assert that it is a "consumer" to which Defendants provided "goods and services" that they expressly or implicitly warranted were fit for a particular purpose, and Plaintiff asserts that Great-West is "liable under ERISA for these actions and for any actions that constitute violations of the Texas Insurance Code."

Furthermore the amended complaint fails to identify which remedy (remedies) it seeks or to address the basic elements of any of the six remedies available under 29 U.S.C. § 1132(a), as

required to plead a claim under Rule 12(b)(6).[5]

Plaintiff also requests "additional damages for knowing or intentional violations of conduct," and "exemplary damages in the maximum amount allowed by Texas law," neither of which is recoverable under ERISA. *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 54 (1987).

In other words, the amended complaint is basically a reiteration of Plaintiff's state-law claims in its Original Petition, is filled with conclusory allegations and without any supporting detail, and is plastered over with vague references to Section 502 and ERISA labels. In sum, the amended complaint fails to state any claim for which relief may be granted under ERISA.

## Court's Ruling

While recognizing Local Rule 7.4's permitting a court to construe a party's failure to respond as a representation of no opposition, the Fifth Circuit has opined that where the motion is dispositive, "The mere failure to respond . . . is not sufficient to justify a dismissal with prejudice." *Watson v. U.S. ex rel. Lerma*, 285 Fed. Appx. 140, 143 (5th Cir. 2008). Thus the fact that there is no response, and therefore no opposition, to the motions is an insufficient basis for the Court to grant them. The Fifth

---

[5] It does not identify which, if any, of the six possible remedies available under 29 U.S.C. §§ 1132(a)(1)-(10) would apply to its claims, nor provide any facts that would support such a claim.

Circuit, however, has previously held that a proper sanction for a failure to respond to a dispositive motion is to decide the motion on the record before it. *Ramsay v. Bailey*, 531 F.2d 706, 709 n.5 (5th Cir. 1976), *citing In Woodham v. Am. Cystoscope Co.*, 335 F.2d 551, 556-57 (5th Cir. 1964).

Accordingly, the Court has examined the merits of the arguments in Defendants' pending 12(b)(6) motions to dismiss and applied them to the recent amended pleading submitted by Plaintiff pursuant to the Court's opinion and order (#37). It fully concurs with Defendants for the reasons they have presented that the amended pleading fails to plead an ERISA claim for relief that can be granted against any of them. Plaintiff fails to allege facts demonstrating it has standing to sue Defendants, to identify under which provision(s) it sues, to demonstrate that Plaintiff or any Defendants are fiduciaries, to allege the necessary elements for claims against ERISA, and to allege necessary and sufficient facts to create any plausible claim under the statute.

As for Great-West's request for an award of attorney's fees, given the state of the amended complaint and Defendants' persuasive arguments in their motions to dismiss, Great-West fails the threshold requirement of the statute, i.e., that fees are available for cases "under this subchapter." As it stands, "this case has little or no nexus to ERISA; the 'brought under' requirement of § 1132(g)(1) is not met." *Ferrell v. Charles Mach. Works, Inc.*, 156

F.3d 182, No. 97-41302, *et al.*, 1998 WL 546522, *8 and n.5 (5th Cir. Aug. 13, 1998). Nor has Great-West made any kind of evidentiary record to which the Court can apply the *Bowen* factors[6] nor submitted an affidavit, contemporaneous time sheets or billing records, or other evidence of hours claimed for a lodestar analysis.

As for an award of fees under Rule 11, this Court dismissed Plaintiff's initial complaint with state-law claims on the grounds that they were completely preempted and gave it thirty days to file an amended complaint stating claims under ERISA. Apparently, counsel was unable to do so. In light of the complexity of ERISA law, the Court does not find the new complaint sufficient grounds for imposing a sanction here. *Goldman v. The Hartford Life and Accident Ins. Co.*, No. Civ. A. 03-759, 2004 WL 2435500, *2 (E.D. La. Oct. 29, 2004), *citing inter alia Smith Intern. v. Texas Commerce Bank*, 844 F.2d 1193, 1199-1200 (5th Cir. 1988)(declining to find that an erroneous legal theory necessarily warranted sanctions). Counsel did not respond to the motions to dismiss with

---

[6] On the limited record before it he Court finds no evidence that Plaintiff acted culpably or in bad faith in filing its deficient amended complaint; it has no basis to decide whether Plaintiff could satisfy an award of attorney's fees; it is dubious that a fee award to Great-West would deter other persons acting under similar circumstances; Great-West's request does not appear to benefit any participants and beneficiaries of the plan nor to resolve any significant questions about ERISA; and the complaint is too bare-bones to allow the court to make any judgment about the relative merits of the parties' positions.

frivolous arguments for purposes of harassment or delay.

Therefore the Court denies the request for attorney's fees.

Accordingly, the Court

ORDERS that Defendants' motions to dismiss for failure to state a claim (#35, 36, and 38) are GRANTED for reasons cited above. The Court further

ORDERS that Great-West's motion for attorney's fees (#35) is DENIED.

**SIGNED** at Houston, Texas, this 23rd day of March, 2010.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE